USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/5/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
LUIS JAIME BERMEJO, *individually and*   :
*on behalf of those similarly situated*,
                                       :
          Plaintiff,
                                       :        14cv7288
      -against-
                                       :        MEMORANDUM & ORDER
SAN PIETRO RESTAURANT, INC.,
*et ano.*,                                   :
         Defendants.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
WILLIAM H. PAULEY III, District Judge:

        Plaintiff Luis Jaime Bermejo filed this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action against San Pietro Restaurant, Inc. ("San Pietro") and its Chief Executive Officer Gerardo Bruno (collectively "Defendants"). The parties seek judicial approval of a proposed settlement agreement. (See ECF No. 31, "Settlement Agreement.") For the following reasons, this Court will approve the Settlement Agreement provided that the attorney's fees are reduced in accord with this Memorandum and Order.

## BACKGROUND

        Bermejo filed this action on behalf of himself and similarly situated employees of San Pietro from September 9, 2008 to present. (Compl. ¶ 38.) Bermejo alleges that Defendants required him and his co-workers to work certain hours off the clock, recasting 70-hour weeks as 40-hour weeks. On April 30, 2015, Bermejo's counsel filed a motion to conditionally certify a class and notify potential opt-in class members. (See ECF No. 20.) But that briefing was adjourned when the parties negotiated the proposed settlement agreement dispensing with collective action allegations. (See ECF Nos. 26, 28, 30, 31.) The proposed agreement settles Bermejo's claims for $66,000 and provides that 40% of that sum—$26,400—would be allocated to his counsel.

DISCUSSION

FLSA settlements generally require approval from the district court or the Department of Labor.  Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015).  The parties must provide a district court with sufficient information for the court "to examine the bona fides of the dispute."  Guareno v. Vincent Perito, Inc., et al., No. 14-cv-1635, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014).  To approve a settlement, this Court must be satisfied that the agreement is "fair and reasonable."  See, e.g., Velasquez v. SAFI-G, Inc., --- F. Supp. 3d ---, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015) (citation omitted).

I. Settlement Agreement

Whether a settlement is fair and reasonable depends on the totality of circumstances, including, for example: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."  Beckert v. Rubinov, No. 15-cv-1951, 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015) (citation omitted).

Here, the parties allege that, if the allegations of the Complaint were true, Bermejo would be entitled to $74,000 in unpaid wages and $48,000 in liquidated damages for a total of $122,000.  (ECF No. 31-1, at 2.)  However, those calculations were based on the assumption that Bermejo never took any sick days, vacation days, or holidays.  (ECF No. 31, at 3.)  Moreover, Defendants maintained that Bermejo worked 50 hours per week at most, and that any proof of unlawful employment practices would hinge on the testimony of former co-workers.  (ECF No. 31-1, at 2.)  The parties' proposed agreement recalculates Bermejo's damages using a 60-hour work

week and settles his claims for $66,000.  (ECF No. 31-1, at 3.)  In light of Bermejo's range of recovery, the potential risks of litigating the claim, and the parties' arm's-length negotiations, this Court finds that the Settlement Agreement "reflects a reasonable compromise over contested issues."  Velasquez, 2015 WL 591515843, at *1 (citation omitted).

II.   Attorney's Fees

Where a proposed settlement of FLSA claims includes a payment of attorney's fees, district courts must assess the reasonableness of the fee award.  See Cheeks, 796 F.3d at 206.  A "[c]ourt must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'"  Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (citation omitted).  "Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount" in FLSA actions.  Lazaro-Garcia v. Sengupta Food Servs., No. 15-cv-4259, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015).

Under the Settlement Agreement, Bermejo's counsel would receive 40%, or $26,400, of the $66,000 settlement.  Bermejo's counsel represents that this amount is "slightly below" his firm's total billings of 78.1 hours, or $28,610.  (ECF No. 31-1.)  Bermejo's attorney, Justin Cilenti, is responsible for 71.3 of the 78.1 total hours billed, and no junior associates worked on the case.  As a result, several courts in this District have found that these practices inflated Mr. Cilenti's fee applications, and that his $400 per hour rate was "too high in light of the work performed."  Lazaro-Garcia, 2015 WL 9162701, at *4; see also Cuevas v. Ruby Enters. of New York Inc., No. 15-cv-5257, 2013 WL 3057715, at *2 (S.D.N.Y. June 17, 2013).  Here, Cilenti billed $400 per hour not only for legal tasks, but for administrative tasks such as electronically filing documents.  (See ECF No. 31-2.)

3

Additionally, Cilenti billed Bermejo at his full rate for a motion to conditionally certify an FLSA collective action and notify potential opt-in plaintiffs. (See ECF No. 31-2.) After billing more than 23 hours on that motion, counsel submitted a proposed settlement that resolved Bermejo's claims without providing for any other potential plaintiffs. (See ECF Nos. 24–30.) It may be that counsel's motion spurred Defendants to settle with Bermejo. But Bermejo should not bear the full cost of a motion that was withdrawn.

Under the circumstances, the proposed fee is not reasonable. To determine a reasonable fee, this Court need not make "minute adjustments" to individual timekeeping entries. Heng Chan v. Sung Yue Tung Corp., No. 03-cv-6048, 2007 WL 1373118, at *5 (S.D.N.Y. May 8, 2007). Instead, it may employ an "across-the-board percentage cut[]" as a "practical means of trimming fat from a fee application." Heng Chan, 2007 WL 1373118, at *5 (quoting In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987)). Accordingly, this Court will approve the settlement agreement and fee award if Bermejo's counsel files a revised submission that incorporates a 25% reduction in the proposed fee award, thereby allocating $19,800 of the $66,000 settlement to counsel.

## CONCLUSION

For the foregoing reasons, the parties' request for judicial approval of the Settlement Agreement is denied without prejudice. This Court will approve the settlement and close this case if the parties submit, by January 19, 2016, a revised settlement agreement that allocates the $66,000 settlement as follows: $46,200 to Bermejo and $19,800 to Bermejo's counsel.

Dated: January 5, 2016
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record via ECF.*

4